UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:                                                                                        Chapter 11

RML, LLC,                                                                               Case No. 22-10784 (DSJ)

                                   Reorganized Debtor.
------------------------------------------------------------------X

## DECISION AND ORDER GRANTING MOTION FOR CERTIFICATION OF DIRECT APPEAL

      The Court has considered the motion seeking certification of a direct appeal to the United States Court of Appeals for the Second Circuit filed by individuals who refer to themselves as "certain post-bankruptcy talc claimants" (the "Talc Claimants"). The Talc Claimants' Motion is docketed at ECF No. 1137 and concerns their appeal of this Court's Decision on Reorganized Debtors' Second Omnibus Motion to Enforce the Plan Injunction, ECF No. 1107, which was effectuated by the Court's Order Granting Reorganized Debtors' Second Omnibus Motion to Enforce the Plan Injunction and Confirmation Order, ECF No. 1110. The Talc Claimants' motion is opposed by the Reorganized Debtor. Opp'n, ECF No. 1152. The Court heard argument on the motion on September 23, 2024, and the Talc Claimants have advised the Court that its jurisdiction to consider the Motion expires on September 26. This decision and order assumes familiarity with the backgrounds of the bankruptcy case overall and of the Decision.

      In brief, following this Court's confirmation of a plan of reorganization ("Plan") and entry of a related confirmation order, the Reorganized Debtor emerged from the Chapter 11 bankruptcy of numerous related corporate entities broadly known as Revlon, the prominent maker and seller of beauty products. As is typical, the Plan and Confirmation Order specified the treatment to be afforded claims against the debtors, discharged claims, and enjoined the pursuit of non-bankruptcy

1

remedies against the Reorganized Debtor on account of pre-petition claims. The subsequent decision and order from which the Talc Claimants have appealed granted a motion by the Reorganized Debtor to enforce the Plan injunction as against the Talc Claimants, who were pursuing lawsuits in other venues to seek compensation for illnesses that they assert they contracted as a result of their pre-petition use of Revlon talc products that contained asbestos.

The Decision that the Talc Claimants have appealed began with two points on which the parties agree or do not seriously disagree: First, the Talc Claimants assert pre-petition "claims" against the Reorganized Debtor as that term is defined by the Bankruptcy Code. Second, Revlon's confirmed Plan and the Confirmation Order included discharge and injunctive provisions that are typical of those found in many plans, which, by their unambiguous language, applied to the Talc Claimants' claims. The Decision rejected the Talc Claimants' contention that the Bankruptcy Code permitted such a discharge of their claims only by means of a plan that satisfied the requirements of Section 524(g) of the Bankruptcy Code, which Revlon's Plan did not. Further, the Decision held that, to the extent compliance with Section 524(g) was not mandatory under the Code, deeming the claimants' claims to be discharged did not violate constitutional due process requirements in light of constructive notice that had been provided to unknown creditors.

As briefly explained below, the controlling statute requires this Court to certify a direct appeal to the Circuit upon request of a party in three circumstances. The Court concludes that each of two alternative bases of one such statutorily defined circumstance is present here, making this Court's certification mandatory. Upon the Court's certification, the matter will progress to the Court of Appeals, which will determine whether to grant a direct appeal. *See* 28 U.S.C. § 158(d)(2)(A) (Court of Appeals' jurisdiction upon certification exists "if the court of appeals authorizes the direct appeal of the judgment, order, or decree").

In this Court's view and despite the contrary assertion of the Reorganized Debtor, this case presents systemically important issues both for the parties now before the Court and for similarly situated individuals and debtors in the future. First, as the Talc Claimants protest, this Court's ruling concluded that the Plan injunction barred them from pursuing a non-bankruptcy pathway to recover from the Reorganized Debtor notwithstanding that their disqualifying failures to file a claim or object to the Plan assertedly occurred before they even knew they were sick. The Decision serves as precedent that will aid future debtors' efforts to discharge similar claims (and to enforce such discharges), and a reversal would advance the efforts of similar claimants in the future and limit the relief available to debtors. Second, the Talc Claimants now argue or suggest (as they did not squarely argue previously) that due process bars discharging or enjoining claims arising from exposure to toxins where illness has not yet manifested. Adopting such an interpretation of due process could have systemic impacts by at least implicitly overriding key Bankruptcy Code provisions, in the process significantly curtailing the fresh start that Congress directed be afforded through the confirmation of plans of reorganization. The Court views these not as party-specific or inconsequential issues, but rather as publicly important questions with possible broad-ranging effects.

To put this concern in more explicit statutory terms, the Bankruptcy Code defines a "claim" as any "right to payment, whether or not . . . liquidated, unliquidated, fixed, contingent, matured, [or] unmatured . . . ." 11 U.S.C. § 101(5)(A). The Code requires plans to provide for the treatment of claims, 11 U.S.C. § 1123(a), and authorizes plans to provide for the discharge of claims and the injunction of future enforcement or collection efforts on account of claims that are subject to the plan. 11 U.S.C. §§ 1123(b)(1), 1141(d)(1)(A), 524(a). The confirmed Plan in this case had all these characteristics, all quite standard features of many Chapter 11 cases. Thus, the Talc Claimants'

contentions, at least the more sweeping ones they now advance, could have profound effects on well-established bankruptcy practices and on the effectiveness of discharge orders in this and future Chapter 11 cases.

In issuing its Decision, this Court identified no controlling appellate decisions invalidating or limiting the scope of a discharge based on the sort of due process limitations that the Talc Claimants advocate be adopted here. Nor did the Court identify a controlling appellate decision squarely rejecting contentions like those of the Talc Claimants here. The Reorganized Debtor's opposition identifies no such authority. Even the volume of case law of courts whose precedent does not control this Court was not as extensive as this Court would have anticipated.

Thus, the Court respectfully suggests that the significance of the issues presented and what the Court views as the limited body of on-point case law make this appeal one in which "percolation through the district court would cast more light on the issue and facilitate a wise and well-informed decision" by the Court of Appeals. *Weber v. U.S. Trustee*, 484 F.3d 154, 161 (2d Cir. 2007). The Reorganized Debtor's opposition emphasizes this consideration, but the Court views that as more appropriately addressed to the Second Circuit's discretionary determination of whether to accept a direct appeal, rather than to this Court's analysis of the statutorily specified conditions in which certification is required.

Section 158(d)(2)(A) provides that the "appropriate court of appeals shall have jurisdiction of appeals . . . if the bankruptcy court . . . acting on its own motion or on the request of a party to the judgment . . . certif[ies] that" any one of three criteria are met *and* the court of appeals authorizes the direct appeal. The bankruptcy court "shall make the certification" if, on its own motion or that of a party, it "determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists." 28 U.S.C. § 158(d)(2)(B). Among those circumstances are that (i) the

4

judgment or order "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance." 28 U.S.C. § 158(d)(2)(A).

As noted, the Court has carefully considered the issues presented and concludes that the Talc Claimants raise a question of law as to which both this Court and the parties have found no decision of the Court of Appeals for this Circuit, and none of the Supreme Court, that controls here. The Reorganized Debtor's opposition fails to identify any such appellate decision beyond the Supreme Court's broadest pronouncement of what due process requires, which does support this Court's Decision but which is too general to definitively answer the questions that the Talc Claimants now raise. Further, for the reasons briefly alluded to above, the Decision and the appeal from it concern a matter of public importance, meaning one that transcends the interests of the parties immediately before the Court, *see Mark IV Indus., Inc. v. N.M. Env't Dept.*, 452 B.R. 385, 388-89 (S.D.N.Y. 2011). This Court sees such public importance from the perspective of the individual claimants affected and the many like them who may face similar situations in the future. The Court also sees public importance from the perspective of the functioning of the bankruptcy system and the efficacy of bankruptcy's promised fresh start for debtors who successfully navigate the bankruptcy process. Those conclusions satisfy both of the two alternative bases for certifying an appeal under Section 158(d)(2)(A)(i). In that circumstance, this Court "shall make the certification." 28 U.S.C. § 158(d)(2)(B).

Although the satisfaction of subsection (i) is dispositive as to the Court's certification, the Court pauses to observe it is not persuaded that subparts (ii) and (iii) are met here. First, this Court has not identified any truly conflicting decisions requiring "resolution" as opposed to careful reading and harmonization. Second, although an immediate appeal to the Court of Appeals would

omit a layer of appellate review in the District Court, there is every reason to expect that the District Court would proceed apace in adjudicating the appeal, while the District Court's analysis may in turn facilitate swifter and better-informed resolution by the Circuit. An initial appeal to the District Court also would avoid the need to expend whatever time the Circuit may require to determine whether in its discretion to accept the certified direct appeal.

Nevertheless, the Court concludes for reasons stated above that the alternative criteria of 28 U.S.C. § 158(d)(2)(A)(i) are both satisfied here. The Court therefore GRANTS the Talc Claimants' motion for certification of a direct appeal.

It is so ordered.


Dated: New York, New York
       September 23, 2024

                                              s/ *David S. Jones*
                                              Honorable David S. Jones
                                              United States Bankruptcy Judge